UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES                                    CRIMINAL ACTION

VERSUS                                                   NO. 12-138

BURNELL ALLEN                                    SECTION "R" (1)


## ORDER AND REASONS

Before the Court are Burnell Allen's *pro se* motions to vacate his sentence under 28 U.S.C. § 2255[1] and requesting discovery under *Brady v. Maryland* and *United States v. Bagley*.[2]  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  The Court denies both motions for the following reasons.


## I.    BACKGROUND

On August 13, 2015, Allen was convicted by a jury of conspiracy to possess with the intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846 and § 841.[3]  Judge Stanwood Duval sentenced

---

[1]    R. Doc. 462; R. Doc. 485.
[2]    R. Doc. 483.
[3]    R. Doc. 407.

Allen to life in prison, a mandatory term under 21 U.S.C. § 841(b)(1)(A) because of Allen's two prior felony drug convictions.[4] *See* 21 U.S.C. § 841(b)(1)(A) ("If any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release. . . ."). Allen filed a direct appeal asserting that his trial attorneys had conflicts of interest that adversely affected their ability to represent him.[5] On September 8, 2016, the Fifth Circuit affirmed the conviction.[6]

On August 4, 2017, less than a year after his judgment became final, Allen filed a motion to vacate his sentence under 28 U.S.C. § 2255.[7] He also asked for additional time to supplement the motion because his prison assignment to the special housing unit (SHU) precluded his access to materials necessary for him to prepare his motion.[8] The case was re-assigned to Judge Engelhardt, who granted the extension and gave Allen until January 31, 2018 to supplement his motion.[9] On January 12, 2018,

---

[4]     *Id.*; R. Doc. 419 at 29.
[5]     R. Doc. 454-1 at 15-18.
[6]     *Id.* at 18.
[7]     R. Doc. 462.
[8]     R. Doc. 462 at 14.
[9]     R. Doc. 464.

Allen submitted a supplemental motion to vacate.[10]  He now asks the court to vacate his sentence and asserts three grounds for relief: (1) his lawyers had a conflict of interest, (2) he was subject to ineffective assistance of counsel, and (3) he suffered a due process violation.[11]

On December 12, 2017, Allen filed a motion requesting discovery pursuant to *Brady v. Maryland* and *United States v. Bagley*.[12]  In that motion, he requested that the Court "disclose any and all information, material and/or nonmaterial implicating Burnell Allen *pro se* in any crime in this instant case."[13]  He also asked the Court for discovery "[t]o disclose *any* and all accusations against [him] in this case" and "all allegations implicating [him] in any crime in this case."[14]

## II.    LEGAL STANDARD

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  Only a narrow set of claims are cognizable on a Section

---

[10]    R. Doc. 485.
[11]    *Id.*
[12]    R. Doc. 483.
[13]    *Id.* at 1.
[14]    *Id.*

2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a Section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the government to file a response or to take other appropriate action. *Id.* The Court may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. Rules Governing Section 2255 Proceedings, Rules 6-7.

After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8. The Court must hold an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Id.* at 637-38; *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht*'s harmless error standard in a Section 2255 proceeding). If the court finds that the prisoner is entitled to

relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## III. DISCUSSION

Allen's first ground in his supplemental Section 2255 motion for relief alleges a "conflict of interest" without additional explanation or supporting facts.[15] Courts "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam). But this does not mean that a court "will invent, out of whole cloth, novel arguments on behalf of a *pro se* plaintiff in the absence of meaningful, albeit imperfect, briefing." *Jones v. Alfred*, 353 Fed. App'x 949, 952 (5th Cir. 2009). Because Allen does not set forth the facts or specific law that form the basis for his conflict of interest claim, the Court cannot grant relief.

If the Court were to interpret this claim as the same conflict of interest argument that Allen made on direct appeal, the claim would be procedurally barred. In his appeal to the Fifth Circuit, Allen argued that his lawyers "labored under an actual conflict of interest," and that "the conflict adversely

---

[15]     R. Doc. 485 at 4.

affected his representation."[16]  His specific allegation was that his lawyers were biased by their previous representation of two individuals who testified for the government in Allen's case.[17]  The Fifth Circuit held that there was no conflict of interest because the representations ended before Allen's trial, and the attorneys' relationships with those clients were "transient and insubstantial."[18]  A litigant cannot re-assert issues in a Section 2255 motion that he has already raised on direct appeal.  *United States v. Goudeau*, 512 F. App'x 390, 393 (5th Cir. 2013) ("[W]e may not consider an issue disposed of in his previous appeal at the § 2255 stage."); *see also United States v. McCollom*, 664 F.2d 56, 59 (5th Cir. 1981) ("Section 2255 may not be used to secure a second direct appeal.").  Because Allen already raised this issue in his direct appeal to the Fifth Circuit, which considered and disposed of it, the claim is procedurally barred.

Allen's second ground is ineffective assistance of counsel.[19]  He makes two arguments as to why his lawyers provided ineffective assistance.  First, he alleges that his lawyers failed to challenge the quantity of drugs with which he was charged and ultimately convicted.[20]  His second allegation is

---

[16]    R. Doc. 454-1 at 15.
[17]    *Id.*
[18]    *Id.* at 17.
[19]    R. Doc. 485 at 5.
[20]    *Id.*

7

that, although the jury was instructed that the conspiracy began at an unknown time, the government specified a time at his sentencing hearing at which the conspiracy began.[21]

To establish a claim of constitutionally ineffective assistance of counsel, a litigant must show both: (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance, the likely outcome of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). If either of the two prongs is not satisfied, the Court may dispose of the claim without addressing the other prong. *Id.* at 697.

As to the first prong of the Strickland test, counsel's performance must be compared to "an objective standard of reasonableness, mindful of the strong presumption of adequacy." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). A court should not find inadequate representation merely because, with the benefit of hindsight, the court disagrees with counsel's strategic choices. *Id.* The Fifth Circuit has made clear that "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that

---

[21] *Id.*

it permeates the entire trial with obvious unfairness." *Id.* (quoting *Garland v. Maggio*, 717 F .2d 199, 206 (5th Cir. 1983) (on rehearing)).

Allen has not made a showing of deficient performance under the first *Strickland* prong for either allegation. Contrary to his assertions, his lawyers did challenge the drug quantities in both their motions for a judgment of acquittal and in their motions for a new trial.[22] They also objected to the quantity of drugs specified in the presentence report at his sentencing hearing.[23] The evidence provides no indication of deficient performance.

Allen's allegation regarding the start date of his conspiracy conviction is inaccurate. It was Allen's lawyer who suggested a starting point for the conspiracy at his sentencing hearing.[24] She did so to argue that a juvenile conviction should not be counted in his sentencing guidelines calculation because it occurred more than five years before the beginning of the conspiracy.[25] She also used her estimate of the start of the conspiracy to argue that Allen should be charged with a smaller quantity of drugs because he was incarcerated for a majority of the conspiracy.[26] These tactics were examples of effective, rather than ineffective, assistance. Allen's lawyers

---

[22]    R. Doc. 230-1 at 3-5; R. Doc. 229-1 at 3-5.
[23]    R. Doc. 419 at 10.
[24]    *Id.* at 3-4.
[25]    *Id.*
[26]    *Id.* at 10-11.

9

made numerous arguments on his behalf, and there is no indication that their performance fell below *Strickland*'s objective standard of reasonableness. Allen's claim of ineffective assistance of counsel is thus meritless.

Allen's third ground for relief is that he suffered a due process violation.[27] Allen provides no facts or law to support this allegation and does not elaborate on the nature of the violation. Even *pro se* claims must set forth some basis and fact and law. *See Jones*, 353 Fed. App'x at 952. Conclusory allegations unsupported by any evidence do not raise a constitutional issue under Section 2255. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (holding that "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue"). Without any facts, the Court cannot grant relief.

In addition, Allen's claim is procedurally barred because he cannot show cause for his failure to raise it earlier, and because the error of which he complains does create actual prejudice to him. A petitioner may not raise an issue for the first time on collateral review without showing both "cause" for his default and "'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982); *United States*

---

[27]    R. Doc. 485 at 7.

*v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994). Allen had legal representation during his trial and during his appeal. There is no indication that his due process rights were violated. His due process claim is therefore meritless.

The Court will not issue a certificate of appealability on Allen's motion for relief under Section 2255. Rule 11 of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing Section 2255 Proceedings, Rule 11(a). A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rules Governing Section 2255 Proceedings, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Allen's motion does not satisfy this standard.

Allen's second motion is entitled "Motion for Discovery Pursuant to *Brady v. Maryland* and *United States v. Bagley*."[28]  He requests that the Court disclose any and all material implicating him in any crime in the instant case.[29]  *Brady* requires disclosure of evidence that is favorable to a defendant and is material either to guilt or to punishment.  *Brady v. Maryland*, 373 U.S. 83, 87 (1963).  The Supreme Court has explicitly held that *Brady* does not extend to the postconviction context.  *District Attorney's Office for the Third Judicial District v. Osborne*, 557 U.S. 52, 69 (2009) ("Osborne's right to due process is not parallel to a trial right, but rather must be analyzed in light of the fact that he has already been found guilty at a fair trial, and has only a limited interest in postconviction relief. *Brady* is the wrong framework."); *see also Jones v. Ryan*, 733 F.3d 825, 837 (9th Cir. 2013) ("[T]he *Brady* right of pretrial disclosure available to defendants at trial does not extend to habeas corpus petitioners seeking post-conviction relief.").  Allen's right to *Brady* discovery ended after his trial.  Accordingly, the Court denies the motion.

---

[28]  R. Doc. 483.
[29]  *Id.* at 1.

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Allen's motion to vacate.

The Court will not issue a certificate of appealability.  The Court also DENIES

his motion for discovery pursuant to *Brady* and *Bagley*.

New Orleans, Louisiana, this __22nd__ day of October, 2018.

_____
                    SARAH S. VANCE
         UNITED STATES DISTRICT JUDGE