UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES                                                CRIMINAL ACTION

VERSUS                                                              NO. 12-138

BURNELL ALLEN                                                SECTION "R" (1)


# ORDER AND REASONS

Before the Court is Burnell Allen's motion for an extension of time to file a motion for reconsideration.[1] Allen filed a motion to vacate his sentence under 28 U.S.C. § 2255 in August 2017.[2] The Court denied the motion in October 2018.[3] In November 2018, Allen filed the instant motion, requesting an extension of 120 to 180 days because he was being transferred to a different correctional facility.[4] Allen does not specify whether he seeks to file his motion under Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b).[5]

A motion for reconsideration of the Court's order is construed as a motion under either Rule 59(e) or Rule 60(b) depending on when it is filed.

---

[1]   R. Doc. 539.
[2]   R. Doc. 462.
[3]   R. Doc. 523.
[4]   R. Doc. 539 at 1.
[5]   *Id.*

*Thompson v. United States Dep't of Interior*, No. 16-17542, 2018 WL 4909910, at *2 (E.D. La. Oct. 10, 2018). If Allen filed the motion within twenty-eight days of the judgement, it would be a motion under Rule 59(e). *Id.* If he filed the motion more than twenty-eight days after judgment, it is considered a motion under Rule 60(b). *Id.*

But regardless of whether the motion would be under Rule 59(e) or Rule 60(b), Federal Rule of Civil Procedure 6 prohibits the Court from extending plaintiff's time to act. Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules . . . 59(b), (d), and (e), and 60(b)."); *see also Keith v. Bobby*, 618 F.3d 594, 598-99 (6th Cir. 2010) ("[C]ourts have uniformly held that the . . . period for filing a Rule 59(e) motion may not be enlarged under any circumstances.") (alterations omitted)); *Robinson v. Sweeny*, 794 F.3d 782, 783 (7th Cir. 2015) ("Rule 6(b)(2) prohibits extending the time for filing a Rule 59(e) motion. . . ."); *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006) (holding that the Rule 60(b) time limit of one year "is jurisdictional and cannot be extended"). The Court therefore must deny Allen's motion for an extension. To the extent that Allen seeks to file a timely motion under Rule 60(b), he may do so without an extension.

# I. CONCLUSION

For the foregoing reasons, the Court DENIES Allen's motion for an extension of time to file a motion for reconsideration.

New Orleans, Louisiana, this 2nd day of May, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE