UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 12-138 |
| BURNELL ALLEN | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court are defendant Burnell Allen's motions for an extension of time to file a reply brief,[1] appointment of counsel,[2] and compassionate release.[3] The Government opposes the motion for compassionate release.[4] For the following reasons, the Court grants Allen's motion for an extension of time to file a reply brief, and denies Allen's motions for appointment of counsel and compassionate release.

**I.   BACKGROUND**

On August 13, 2015, Allen was convicted after a jury trial of conspiracy to possess with the intent to distribute 280 grams or more of cocaine base,

---

[1]   R. Doc. 581.
[2]   R. Doc. 577.
[3]   R. Doc. 566.
[4]   R. Doc. 642.

in violation of 21 U.S.C. §§ 841 and 846.[5] Judge Stanwood Duval sentenced Allen to a mandatory term of life imprisonment under 21 U.S.C. § 841(b)(1)(A) due to Allen's two prior state felony drug convictions.[6] Allen's predicate offenses were a 2003 conviction for simple possession of heroin and simple possession of cocaine, for which he served less than twelve months of incarceration,[7] and a 2009 conviction for possession with intent to distribute cocaine, for which he served less than twelve months of incarceration.[8]

Allen appealed his federal conviction, asserting that his trial attorneys had conflicts of interest that adversely affected their ability to represent him.[9] The Fifth Circuit affirmed Allen's conviction.[10] Allen filed a motion to vacate his sentence under 28 U.S.C. § 2255 on August 4, 2017,[11] which the Court denied on October 22, 2018.[12] Allen then filed a motion for a reduction in his sentence pursuant to section 404 of the First Step Act, which made certain provisions of the Fair Sentencing Act reducing penalties for crack

---

[5]   R. Doc. 407.
[6]   R. Doc. 419 at 29.
[7]   R. Doc. 575-3.
[8]   R. Doc. 575-4.
[9]   R. Doc. 454-1 at 15-18.
[10]  *Id.* at 18.
[11]  R. Doc. 462.
[12]  R. Doc. 523.

cocaine offenses retroactive.[13] The Court denied Allen's motion, holding that Allen's sentence was not eligible for a reduction under section 404 of the First Step Act.[14]

Allen now moves for compassionate release.[15] He contends that he meets the standards for "extraordinary and compelling reasons" for a sentencing reduction enumerated by the United States Sentencing Commission in its 2023 Policy Statement, U.S.S.G. § 1B1.13(b)(6), relating to unusually long sentences.[16] The Government opposes the motion, arguing that the Sentencing Commission lacked authority to issue such a statement, and that, even if Allen is able to establish extraordinary and compelling circumstances, the sentencing factors in 18 U.S.C. § 3553(a) weigh against a sentence reduction.[17] Allen has filed a motion for appointment of counsel to assist him in presenting his motion for compassionate release.[18] The Court considers the motions below.

---

[13]   R. Doc. 549.
[14]   R. Doc. 556.
[15]   R. Doc. 566.
[16]   *Id.*
[17]   R. Doc. 575.
[18]   R. Doc. 577.

## II. DISCUSSION

### A. Motion for Extension of Time to File Reply Brief

On November 8, 2023, one day after Allen filed his motion for compassionate release, the Court issued an order requiring Allen to file a reply to any memoranda in opposition to the motion by December 4, 2023.[19] *See* L.R. 7.5. On December 19, 2023, the Court received a motion for an extension of time to file a reply brief from Allen that was mailed on December 12, 2023, and, based on the date written in the signature block, appears to have been drafted on December 10, 2023.[20] In the motion for an extension, Allen represents that he did not receive the Government's response in opposition to his motion for compassionate release until December 8, 2023, because of mail delays he attributed to staff shortages at his correctional facility and the holidays in November and December.[21]

The Court finds that Allen articulates good cause for his delay, and the Government is unlikely to be prejudiced by Allen's late filing. *See Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (per curiam) (noting that prejudice to the opposing party is a prerequisite to establishing abuse of discretion in order modifying briefing schedule). Thus, the motion for an

---

[19] R. Doc. 569.
[20] R. Doc. 581.
[21] *Id.* at 1.

4

extension of time to file a reply is granted. The Court will consider Allen's reply brief[22] in ruling on the motion for compassionate release.

### B. Appointment of Counsel

Allen seeks the appointment of counsel to "protect and represent his interest" in moving for compassionate release.[23] Generally, "the right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). In the context of 18 U.S.C. § 3582(c)(1)(A) motions, the Fifth Circuit has held that defendants have no statutory or constitutional right to counsel. *See United States v. Diaz*, No. 22-40044, 2023 WL 1879404, at *3 (5th Cir. Feb. 10, 2023).

A Court may appoint counsel in a compassionate-release proceeding if it finds that doing so would be "in the interest of justice." *Id.* at *3; *see also United States v. Delco*, No. 09-57, 2020 WL 4569670, at *2 (E.D. La. Aug. 7, 2020) (applying interests of justice standard in the context of motion for compassionate release). The Fifth Circuit has stated that "the interest of justice [does] not require the appointment of counsel" when the motion does "not involve complicated or unresolved issues." *See United States v. Moore*,

---

[22]   R. Doc. 582.
[23]   R. Doc. 577.

400 F. App'x 851, 852 (5th Cir. 2010) (per curiam) (citing *United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008)).

Here, because Allen's motion for compassionate release does not involve complicated issues, the Court finds that the appointment of counsel would not serve the interests of justice. *See United States v. Drayton*, No. 10-20018, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020) ("[A] claim for compassionate release is not particularly complex factually or legally."). While Allen's motion involves the application of a relatively new policy statement issued by the Sentencing Commission, and the Government has challenged its validity, the Court finds that Allen is capable of representing himself pro se, as his briefing adequately identified relevant law and applied the law to the facts of his case. *See United States v. Chambers*, No. 18-47, 2021 WL 4311032, at *3 (E.D. La. Sept. 22, 2021) ("The interests of justice do not require that the Court appoint counsel for [defendant] as he has proven himself fully capable of representing himself pro se."). The Court therefore denies Allen's request for appointment of counsel.

### C. Compassionate Release

As a threshold matter, the Court may grant a defendant's motion for compassionate release only "after the defendant has fully exhausted all

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  The Court finds that Allen has satisfied the exhaustion requirement for compassionate release.  Allen attaches to the motion evidence that he requested a sentence reduction from the appropriate officer at his correctional facility on May 2, 2023,[24] which the officer denied.[25]  Further, Allen attaches evidence that he appealed the denial to Warden J. Gilley on August 30, 2023,[26] and that appeal was denied.[27]  Accordingly, defendant has met his burden of demonstrating that he has exhausted his administrative remedies.  *See United States v. Franco*, 937 F.3d 465, 467 (5th Cir. 2020) (noting proof of denial of request for compassionate release from Bureau of Prisons sufficient for exhaustion).

Upon a prisoner's motion, a court may grant compassionate release if it finds that "extraordinary and compelling reasons warrant such a reduction," after considering the sentencing factors set out in 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Shkambi*,

---

[24]  R. Doc. 566-1 at 1.
[25]  *Id.* at 2.
[26]  *Id.* at 3.
[27]  *Id.* at 4.

7

993 F.3d 388, 393 (5th Cir. 2021) (holding that, in evaluating a motion by an inmate, rather than the BOP, the district court "is bound only by § 3582(c)(1)(A)(i)" and "the sentencing factors in § 3553(a)"). Regardless whether a defendant has demonstrated "extraordinary and compelling reasons," the Court must consider the § 3553(a) factors, and may decline to reduce the defendant's sentence if the factors weigh against granting relief. *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020) (noting that "compassionate release is discretionary, not mandatory, and [can] be refused after weighing the sentencing factors" even when a defendant is eligible); *see also United States v. Garcia-Hernandez*, No. 20-1687, 2021 WL 4146344, at *4 (S.D. Tex. Sept. 13, 2021) ("Even if the Court found extraordinary and compelling reasons to grant compassionate release, the Court would deny relief because of the . . . sentencing factors.").

Allen contends that his case presents "extraordinary and compelling reasons" under U.S.S.G. § 1B1.13(b)(6). Under that section, a defendant must meet three requirements before a court "may" consider "a change in the law" as an extraordinary and compelling reason: (1) he must have received an "unusually long sentence," (2) he must have served ten years of that sentence, and (3) there must be a "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."

8

U.S.S.G. § 1B1.13(b)(6). The Government challenges Allen's argument that he can show extraordinary and compelling reasons by contending that U.S.S.G. § 1B1.13(b)(6) is an impermissible interpretation of the phrase "extraordinary and compelling reasons." It reasons that this interpretation is beyond the authority of the Sentencing Commission because it (1) is foreclosed by the Fifth Circuit's holding in *United States v. McMaryion*, No. 21-50450, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023), that "a defendant may not leverage non-retroactive changes in criminal law to support a compassionate release motion," and (2) conflicts with the language of the governing statute, 18 U.S.C. § 3582(c)(1)(A).[28] The Court need not reach these arguments, because the sentencing factors in 18 U.S.C. § 3553(a) weigh against compassionate release. *See United States v. Brown*, No. 15-28, 2020 WL 4024073, at *2 (S.D. Miss. July 16, 2020), aff'd 829 F. App'x 695 (5th Cir. 2020) (per curiam) (declining to consider whether defendant had shown "extraordinary and compelling reasons" because the Court could not conclude that defendant was not a danger to the community and the sentencing factors weighed against compassionate release); *see also Chambliss*, 948 F.3d at 693-94 (affirming district court's denial of compassionate release when the district court found "extraordinary and

---

28    R. Doc. 575 at 12-18.

compelling reasons" but found that the sentencing factors weighed against release); 18 U.S.C. § 3582(c)(1)(A) (permitting a court to reduce a defendant's term of imprisonment if he has shown "extraordinary and compelling reasons" only "after considering the sentencing factors in section 3553(a)").

In evaluating whether compassionate release is appropriate, the Court must consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed to (a) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effect manner.  18 U.S.C. §§ 3553(a), 3582(c)(1)(A).

The Court's review of the record reveals that the sentencing factors weigh against compassionate release.  The record developed at the trial, the testimony received at Allen's sentencing, and the findings in Allen's Presentence Investigation Report show that Allen actively participated in his extended family's criminal undertakings.  This family operated as a gang, and

developed violent rivalries with other gangs.²⁹ As an active member of the family, Allen sold large quantities of illicit drugs for years, possessed and carried firearms, and was involved in multiple shootings that resulted in death or serious bodily injury, including the death of his daughter.³⁰ According to a police report, Allen shot an individual in the face who was attempting to buy marijuana from him, causing serious injuries.³¹ As the Fifth Circuit noted on Allen's direct appeal, "[t]he defendants are members of the same extended family who engaged in a years-long crack-distribution conspiracy" that they carried out by "walking, often with firearms, along the sidewalk to engage in hand-to-hand transactions with customers." *United States v. Preston*, 659 F. App'x 169, 171 (5th Cir. 2016). As the prosecutor testified at defendant's sentencing, "[t]his is not one person . . . on a street corner[; t]his is a lifetime of a gang holding this part of the city in its grip of drugs and crime."³² Moreover, Allen has a history of criminal activity and substance abuse, and served terms of imprisonment that did not deter him from continuing to engage in crime.³³ As Allen's trial in this case approached, he actively impeded justice by threatening a witness scheduled

---

29    R. Doc. 419 at 31-32.
30    *See id.*; R. Doc. 402 at 17.
31    R. Doc. 402 at 17.
32    R. Doc. 419 at 32.
33    *See* R. Doc. 402 at 14-20.

11

to testify, demonstrating that he has little respect for the law.[34]  Thus, the Court finds that the nature and circumstances of the offense and Allen's history and characteristics counsel against compassionate release.

Further, considering the foregoing, the Court finds that the life sentence Allen is serving is necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.  Finally, based on Allen's history of violence, the Court cannot conclude that Allen "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2); 18 U.S.C. § 3142(g).

Accordingly, the Court denies Allen's motion for compassionate release.

---

[34]    *Id.* at 12-13.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS the defendant's motion for an extension of time to file a reply brief. The Court DENIES defendant's motions for appointment of counsel and compassionate release.

New Orleans, Louisiana, this __15th__ day of February, 2024.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE